865 So.2d 762 (2003)
Penny Crowell LEDET
v.
Evans C. LEDET, Jr.
No. 03-CA-537.
Court of Appeal of Louisiana, Fifth Circuit.
October 8, 2003.
Richard L. Ducote, Jeannine A. Provencher, New Orleans, Counsel for Penny Crowell Ledet, Plaintiff-Appellant.
Catherine J. Soutullo, Gretna, Counsel for Evans C. Ledet, Jr., Defendant-Appellee.
Panel composed of Judges THOMAS F. DALEY, CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
*763 ROTHSCHILD, J.
Penny and Evans Ledet were married on December 1, 1987. Two children were born of this marriage. On June 21, 2000, Ms. Ledet filed a petition for divorce in which she alleged that Mr. Ledet had sexually abused both children, and she sought relief under the Post-Separation Family Violence Relief Act, pursuant to LSA-R.S. 9:361, et seq., and the Domestic Abuse Assistance Act, per LSA-R.S. 46:2131, et seq. Ms. Ledet was granted temporary sole custody of the minor children and Mr. Ledet was granted unsupervised visitation, pending a formal hearing on the issues of abuse. Ms. Ledet sought writs from this visitation order. This Court granted Mrs. Ledet's writ application on August 25, 2000, reversed the visitation order, and ordered the trial court to conduct a hearing on the allegations of sexual abuse within ten days. Ledet v. Ledet, 00-C-1423 (unpublished). However, the trial court did not hold a hearing as ordered by this Court.
Prior to the issuance of this Court's August 25, 2000 order, Judge Charles Cusimano, II, to whom the case was allotted, recused himself and the matter was re-allotted to another trial judge of the 24th Judicial District Court, Judge Martha Sassone. When the matter was initially taken up by Judge Sassone, she ordered an evaluation of the parties and the children to be performed by Tulane University Medical Center's Psychiatry Department. Thereafter, Ms. Ledet filed a Motion to Set Evidentiary Hearing on the issue of whether or not the defendant is a perpetrator of domestic violence and sexual abuse, pursuant to LSA-R.S. 9:361, et seq., and whether the evaluation conducted by Tulane should be terminated due to lack of experience of the evaluator. This motion was denied by Judge Sassone on March 27, 2001, and Ms. Ledet sought writs from this Court. On May 23, 2001, this Court granted the writ in part and denied it in part, stating in pertinent part as follows:
As stated in this Court's previous order, the purpose of the Domestic Abuse Assistance Act, LSA-R.S. 46:2131 et seq., is to "afford the victim immediate and easily accessible protection." LSA-R.S. 46:2135 provides that upon good cause shown, the petitioner is entitled to a temporary restraining order with a hearing within ten days to consider the issuance of a protective order. The petitioner is also entitled to a hearing within ten days if the temporary restraining order is not granted. Further, this Court has already considered the plaintiff's argument regarding her entitlement to a hearing on the issue of abuse and has ordered that such a hearing be held. Accordingly, the trial court is ordered to hold a hearing within ten days of the rendition of this order to allow the plaintiff the opportunity to present evidence regarding her allegations of abuse by the defendant. The trial court is further ordered to notify this Court when a hearing has been conducted in accordance with this order.
Regarding the plaintiff's request for a hearing on whether the evaluation being conducted by Tulane Medical Center should be terminated, the plaintiff's writ application is denied. However, the parties are entitled to question the qualifications or competency of the tendered expert prior to the admission of her testimony at any hearing or trial in which she is called as an expert witness.
Ledet v. Ledet, 01-C-486 (unpublished).
The record indicates that a hearing was not held within ten days of this Court's order. However, the parties appeared in court on June 15, 2001, and Judge Sassone stated that "[t]he other thing the Fifth Circuit indicated is that testimony will be *764 taken on the issue of abuse. So we're going to start that testimony today." Although a brief videotape was played and Ms. Ledet testified regarding how she found the videotape, testimony on the issue of abuse was not taken on this date. The hearing was continued in order to allow the evaluator to interview Ms. Ledet's oldest child from a previous marriage. At this hearing, counsel for Ms. Ledet argued that the evaluator did not have the requisite qualifications to perform an evaluation in this case, but Judge Sassone indicated that she would not consider Ms. Ledet's objections to the evaluator's qualifications until the evaluator was present in court and could be questioned on the stand about her expertise or lack thereof in cases involving sexual abuse.
On June 26, 2001, the parties again appeared in court. The record indicates that the evaluator's report had been completed and received, but the report was not offered or admitted into evidence. Judge Sassone heard testimony on this date from Ms. Ledet's 19-year old daughter from her previous marriage.[1] At the conclusion of her testimony, Judge Sassone stated, "[w]e're going to stop for today," and continued the matter to July 23, 2001.
When the parties appeared before the trial court on July 23, 2001, counsel for Ms. Ledet indicated that the deposition of the custody evaluator had been taken and that Ms. Ledet had retained her own expert to oppose the evaluator's report. Plaintiff's counsel indicated that he intended to call Ms. Ledet, Mr. Ledet, the custody evaluator, and the plaintiff's expert to testify at the hearing.[2] Thereafter, Judge Sassone stated that court was in recess for a lunch break.
After the recess, counsel for the parties met in chambers with the trial judge, with the court reporter present, and Judge Sassone indicated that it was a settlement conference. She discussed the matter with the attorneys and indicated that certain orders would be put in effect for 60 days and that the court would revisit the matter at that time. Thereafter, the provisions of the trial court's order were recited on the record in open court. Judge Sassone ordered, among other things, that Ms. Ledet would have temporary sole custody of the children, and Mr. Ledet would have supervised visitation, with Mr. Ledet's sister to serve as the supervisor. She further stated that the orders set forth on the record that date would remain in effect until the next hearing on October 2, 2001. Ms. Ledet specifically objected to several things in the trial court's order, including the appointment of Mr. Ledet's sister as a supervisor for visitation, and the issuance of mutual restraining orders against physical abuse, verbal abuse, or harassment. A judgment reflecting the orders of the trial court was signed on October 4, 2001. It is from this judgment that Ms. Ledet appeals.

DISCUSSION
On appeal, Ms. Ledet asserts six assignments of error:
1) The trial court manifestly erred and abused her discretion in refusing to allow evidence to be proffered and/or admitted regarding the qualifications of the court-appointed custody evaluator.

*765 2) The trial judge manifestly erred and abused her discretion in disallowing counsel to traverse or contest the qualifications of the custody evaluator.
3) The trial judge manifestly erred and abused her discretion in insisting that the information and recommendations regarding the therapist be submitted to the court ex parte.

4) The trial judge manifestly erred and abused her discretion in her refusal to mandate that the visitation supervisor be a paid professional who would be impartial and without bias as to the children's best interests.
5) The trial judge manifestly erred and abused her discretion in issuing mutual restraining orders where there was no evidence of the plaintiff harassing the defendant.
6) The trial judge manifestly erred and abused her discretion in refusing to allow an evidentiary hearing concerning the allegations of abuse in the underlying petition.
However, before we can address the arguments set forth by Ms. Ledet, we note that, by orders dated August 25, 2000, and May 23, 2001, this Court ordered the trial court to conduct a hearing on the allegations of abuse in this case. Although a hearing on these issues commenced, it was never completed. The October 4, 2001 judgment is entitled, "Consent Judgment." However, the transcript of the proceedings and page 3 of the judgment reveal that a settlement was not in fact reached by the parties. Therefore, being a contested matter, Judge Sassone should have completed the hearing and then ruled on the issues before her.
The provisions of the Post-Separation Family Violence Relief Act become operative if the court finds that there has been family violence and that there is a history of family violence. Michelli v. Michelli, 93-2128 (La.App. 1 Cir. 5/5/95), 655 So.2d 1342, 1346. "Family violence" includes but is not limited to physical or sexual abuse committed by one parent against the other parent or against any of the children. LSA-R.S. 9:362(3). In order to determine what protections, if any, the children and Ms. Ledet are entitled to, pursuant to the Post-Separation Family Violence Act, per LSA-R.S. 9:361 et seq., or the Domestic Abuse Assistance Act, per LSA-46:2131, specifically, what custody and visitation arrangement is appropriate, the trial judge must make a finding as to whether or not Mr. Ledet is a perpetrator of family violence and/or sexual abuser. According to the record before us, such a finding has not been made in this case to date.
Accordingly, we set aside the trial court's October 4, 2001 judgment, and we remand the matter to the trial court to complete the hearing on Ms. Ledet's allegations of abuse against Mr. Ledet. We order that this hearing be held and completed within 15 days of the rendition of this opinion, which should give both parties sufficient time to subpoena their witnesses and finish preparing their case.[3] At this hearing, the parties may call the evaluator to testify and question her on her qualifications, if either party so chooses. At the conclusion of the hearing, Judge Sassone *766 must state her findings on the record and set custody and visitation in accordance with those findings and the law. Pending completion of the hearing, the provisions of the October 4, 2001 judgment pertaining to custody and visitation, as well as the mutual restraining orders, will remain in effect. We pretermit ruling on the other issues presented in this appeal due to the fact that the hearing on the allegations of abuse has not been completed.
JUDGMENT VACATED; CASE REMANDED.
NOTES
[1] The trial court also briefly heard testimony from Mr. Ledet on the issue of divorce only. At the conclusion of his testimony, the trial court granted the parties a judgment of divorce.
[2] Plaintiff's counsel also indicated that he wanted to call the parties' 13-year old daughter to the stand, but the trial judge stated that she would not permit the child to testify in court.
[3] We note that Rule 9.15 of the Louisiana District Court Rules provides that in civil, non-domestic cases, a request for issuance of a subpoena must be issued and filed with the clerk of court at least 10 days before the desired appearance date. Although this is a domestic matter, in an abundance of caution, we give the parties and the trial court up to 15 days to complete the hearing, in order to avoid any problems with subpoenas or contacting witnesses.