960 So.2d 261 (2007)
Tuyet Bach NGUYEN, Wife of Hoang Huy Le
v.
Hoang Huy LE.
No. 07-CA-81.
Court of Appeal of Louisiana, Fifth Circuit.
May 15, 2007.
*262 Jack L. Dveirin, New Orleans, LA, for Plaintiff/Appellant.
Paul A. Bonin, Bonin Law, New Orleans, LA, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., THOMAS F. DALEY, and SUSAN M. CHEHARDY.
THOMAS F. DALEY, Judge.
Tuyet Bach Nguyen appeals the court's judgment, rendered on August 18, 2004, awarding her and her ex-husband, Hoang Huy Le, joint custody of their two sons. She argues that the trial court applied the wrong legal standard; in light of a history of family violence by Dr. Le, the trial court should have applied LSA-R.S. 9:361 et seq., and awarded Ms. Nguyen sole custody. After due consideration of the record and the applicable law, we find no error in the trial court's judgment and affirm.
The parties married in 1988. Two children, JML (May 5, 1992), and AML (December 29, 1994), were born of the marriage. Ms. Nguyen filed a Petition for Divorce on June 29, 1999. In this Petition, Ms. Nguyen sought joint custody of the children. A judgment of divorce was granted on July 27, 2000. Ms. Nguyen filed a motion seeking sole custody on April 14, 2004. Dr. Le filed a Motion for Joint Custody and Visitation Schedule on July 14, 2004.[1] The matter was heard on July 22, 2004, and judgment rendered on August 18, 2004, denying Ms. Nguyen's motion and awarding the parties joint custody.
On appeal, Ms. Nguyen argues that the trial court applied LSA-C.C. art. 132 when *263 it should have applied LSA-R.S. 9:361 et seq., the Post-Separation Family Violence Relief Act, due to the history of family violence by Dr. Le. In the alternative, Ms. Nguyen argues that even under art. 132, clear and convincing evidence was presented that it is in the best interest of the children that custody be awarded to her where Dr. Le perpetrated acts of family violence, where his whereabouts were rarely known, and where the parties cannot communicate.
In his brief, Dr. Le points out that at no time in the proceedings below did Ms. Nguyen seek relief under the Post-Separation Family Violence Relief Act. He argues that the ruling granting joint custody is supported by the facts of this case, and should be affirmed.
ANALYSIS
LSA-C.C. art. 132, which Ms. Nguyen pleaded in her Motion for Sole Custody, states:
If the parents agree who is to have custody, the court shall award custody in accordance with their agreement unless the best interest of the child requires a different award.
In the absence of agreement, or if the agreement is not in the best interest of the child, the court shall award custody to the parents jointly; however, if custody in one parent is shown by clear and convincing evidence to serve the best interest of the child, the court shall award custody to that parent.
On appeal, however, Ms. Nguyen argues that the trial court should have applied LSA-R.S. 9:361 et seq., the Post-Separation Family Violence Relief Act. R.S. 9:364 states, in pertinent part:
A. There is created a presumption that no parent who has a history of perpetrating family violence shall be awarded sole or joint custody of children. The court may find a history of perpetrating family violence if the court finds that one incident of family violence has resulted in serious bodily injury or the court finds more than one incident of family violence. The presumption shall be overcome only by a preponderance of the evidence that the perpetrating parent has successfully completed a treatment program as defined in R.S. 9:362, is not abusing alcohol and the illegal use of drugs scheduled in R.S. 40:964, and that the best interest of the child or children requires that parent's participation as a custodial parent because of the other parent's absence, mental illness, or substance abuse, or such other circumstances which affect the best interest of the child or children.
"Family violence" is defined in R.S. 9:362 as:
. . . includes but is not limited to physical or sexual abuse and any offense against the person as defined in the Criminal Code of Louisiana, except negligent injuring and defamation, committed by one parent against the other parent or against any of the children. Family violence does not include reasonable acts of self-defense utilized by one parent to protect himself or herself or a child in the family from the family violence of the other parent.
The provisions of the Post-Separation Family Violence Relief Act become operative if the court finds that there has been family violence and that there is a history of family violence. Ledet v. Ledet, 03-537 (La.App. 5 Cir. 10/8/03), 865 So.2d 762.
Ms. Nguyen, however, did not plead nor argue the applicability of the Post-Separation Family Violence Relief Act in the lower court proceedings. In her Motion to Set Child Custody and Child and Spousal Support for Trial, filed April 14, 2004, Ms. *264 Nguyen stated the following basis for claiming sole custody:
Dr. Le's presence in Louisiana, as opposed to Vietnam or California, is unpredictable. Dr. Le continues to lead a secret life he has refused to disclose in discovery. Dr. Le has very little contact with the children. There is clear and convincing evidence that it is in the best interests of both minor children for Ms. Nguyen to have sole custody.
In the Memorandum in Support, Ms. Nguyen cites LSA-C.C. art. 132 as the standard for sole custody. LSA-R.S. 9:361 et seq. is not cited. Possible domestic violence is mentioned in a Rule for Contempt filed by Ms. Nguyen four months after the judgment of divorce,[2] and in Ms. Nguyen's Memorandum in Opposition to Motion to Continue Custody Trial, filed July 19, 2004, though again she did not plead the applicability of the Post-Separation Family Violence Relief Act. In that Memorandum, Ms. Nguyen also alleged that Dr. Le had virtually no contact with the children since July 4, 2002.
At the hearing on the Motion, Ms. Nguyen testified that on many occasions during their marriage, Dr. Le would choke her and then apologize and tell her to buy herself some jewelry. She specifically recounted an incident around February of 1998 where allegedly Dr. Le held a gun to her head after he overheard her, in a telephone conversation, say something about him to her girl friend. Her housekeeper, who witnessed this incident, also testified about it, as did her girl friend with whom she was having the telephone conversation. Ms. Nguyen also stated that on two different occasions, Dr. Le had cut his own hand when he broke glass objects while being violent, requiring stitches, which he performed himself. Ms. Nguyen admitted that she never called the police for any incident, nor did she get a restraining order, nor did she seek any other domestic violence protection. Nor were she or the children ever treated by a physician for any injuries resulting from these incidents.
The housekeeper, Song Le Nguyen, testified that she was a long time friend of Ms. Nguyen's mother. She said that after Ms. Nguyen filed for divorce in 1999, Dr. Le fired her.
Ms. Nguyen's adult niece, who tutored both children after the divorce, testified that prior to the divorce, it was her impression that Dr. Le was a "great father."
Dr. Le was present and testified. He denied that the incident with the gun occurred. He denied that he ever struck Ms. Nguyen. He testified that at times, Ms. Nguyen would get mad for no reason, throw things, and at other times discipline the children by slapping them. He specifically denied ever having cut his hand and/or sewing it up himself, as Ms. Nguyen claimed. He said that she alienated his family and friends because she did not like them.
Dr. Le testified that after the divorce, he worked in Vietnam doing charity work for the Vietnam Red Cross and Operation Smile. Dr. Le testified that the last time he had seen the children was in August of 2002. He claimed that he could not see them because Ms. Nguyen would not tell him where they were living, and had *265 changed her phone number several times (which Ms. Nguyen denied). At the time of the hearing, Dr. Le stated that he was living in Hammond, Louisiana, having purchased a dental practice there in January of 2004. He testified that Ms. Nguyen and her family even obstructed his ability to talk to the children on the telephone.
Ms. Nguyen testified that Dr. Le never acted violently towards the children. Ms. Nguyen admitted that in 2001, after the alleged violence against her and after the parties' divorce, she allowed the children to live with Dr. Le in Vietnam for approximately 11 months. After the children came back from Vietnam, she testified that they told her about an incident there where Dr. Le beat them for no reason, stopping only when his friend intervened. This news concerned her greatly, she said. Yet she admitted that in the summer of 2003, she had the children packed and ready to accompany Dr. Le on a month-long trip to California to visit his relatives there. The trip never materialized, however. The children were very sad and disappointed when Dr. Le did not pick them up and take them on the trip, she said.
Following testimony at this motion hearing, the court engaged in extensive discussion with both counsel on the merits of Ms. Nguyen's Motion. The court described the "clear and convincing" standard of C.C. art. 132, to which counsel for Ms. Nguyen agreed. The applicability of R.S. 9:361 et seq was never briefed nor argued, so the trial court did not make a determination of whether it applied.
We find that the Post-Separation Family Violence Relief Act cannot be plead for the first time on appeal, as it requires the trial court to make a specific determination of "a history of perpetration of family violence."
In an abundance of caution, we further find that Ms. Nguyen failed to prove the "history of perpetration of family violence." The statute requires a finding that "one incident of family violence has resulted in serious bodily injury or the court finds more than one incident of family violence." Ms. Nguyen related one incident that was corroborated by her housekeeper, but where she did not receive injury. Ms. Nguyen never witnessed Dr. Le acting violently towards the children, nor did she ever receive injury herself in any of the other uncorroborated incidents. She claimed that he cut himself twice requiring stitches, but he denied it. Ms. Nguyen admitted that she never called police nor sought a restraining order against Dr. Le. Her other descriptions of being choked were vague.
In Michelli v. Michelli, 93-2128 (La. App. 1 Cir. 5/5/95), 655 So.2d 1342, the court found proof of eight incidences of family violence. Mrs. Michelli's testimony was corroborated by the testimony of independent witnesses and police reports in most of the incidents; additionally, Mrs. Michelli had sought the help of a battered women's shelter at least once. The court found that this evidence fulfilled Mrs. Michelli's burden of proof of family violence that the application of R.S. 9:361 et seq. was mandatory. See also Simmons v. Simmons, 26,414 (La.App. 2 Cir. 1/25/95), 649 So.2d 799 (one incident does not constitute a "history" of family violence; the serious consequences of the presumption, the curtailment of parental rights, militates against an expansive interpretation of the statute.)
In the context of this custody determination, it is noteworthy that Ms. Nguyen willingly permitted the children to live with Dr. Le in Vietnam for a lengthy period of time, after the alleged violence towards her during the marriage, and *266 again would have willingly allowed them to accompany Dr. Le to California for a month in 2003, after he allegedly beat them while they lived together in Vietnam in 2001. It appears that Ms. Nguyen's primary reasons for wanting sole custody are reflected in her motion, wherein she stated that Dr. Le's whereabouts were seldom known to her, he led a secret life, which he refused to reveal, that he had little contact with the children, and, as she stated in her appellate brief, the parties could not communicate.
C.C. art. 132 states that if custody in one parent is shown by clear and convincing evidence to serve the best interest of the child, the court shall award custody to that parent. The trial court specifically found that Ms. Nguyen had not rebutted the presumption in favor of joint custody by clear and convincing evidence. We find no manifest error in this ruling. A trial court's determination of custody is entitled to great weight and will not be reversed on appeal unless an abuse of discretion is clearly shown. Martin v. Martin, 36,860 (La.App. 2 Cir. 12/11/02), 833 So.2d 1216.
Both parties were present for the hearing and testified before the court. The parties' testimonies did show that the parties had a lack of communication with each other, but neither party related any specific instance where they disagreed regarding parenting decisions. The record showed that Dr. Le had been largely absent from Ms. Nguyen and the children's lives since July of 2002, which Dr. Le blamed on obstructionist behavior by Ms. Nguyen, which she denied.
The record showed that at various times since the divorce, Dr. Le had lived in Vietnam for long periods of time, including the 11 month period when the children lived with him. At the time of the hearing, Dr. Le was living in Hammond, Louisiana, rather than Vietnam, and desired joint custody of the children. Despite the fact that Ms. Nguyen alleges that Dr. Le has had a secret life since the divorce, this has not deterred her from allowing the children to spend large amounts of time with him unsupervised. Ms. Nguyen did not present any specific evidence regarding the children's best interests or the factors listed in LSA-C.C. art. 134, which are an illustrative list designed to aid the court in making a custody determination.
Accordingly, we affirm the ruling of the trial court.
AFFIRMED.
NOTES
[1] A note from the Domestic Commissioner shows that he considered Dr. Le's motion to be a response to Ms. Nguyen's request for sole custody.
[2] This Rule charged that Dr. Le violated the standard reciprocal injunction found in the divorce proceedings. After a hearing on the Rule for Contempt, Dr. Le was found in contempt for taking some personal items of Ms. Nguyen from the family home, and for feigning a parental kidnapping of the children. Dr. Le was not present at the hearing; it was alleged that he was in Vietnam at the time. Three months after this judgment, Ms. Nguyen allowed the children to live in Vietnam with Dr. Le.