LILJEBERG, J.
*957 Defendant/father appeals the trial court's judgment awarding sole custody of the parties' minor children to the plaintiff/mother pursuant to the Post-Separation Family Violence Relief Act. He also challenges the denial of his Motion for New Trial. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
The parties, Elizabeth Melancon and Darielle Russell, are the parents of two minor children, O.T.R. (born 3/22/09) and S.G.R. (born 3/26/12). The parties were never married. On June 12, 2015, they entered into a stipulated judgment, providing that Elizabeth would have sole custody of the minor children, with Darielle to have one telephone call per week with the children. The record reveals Darielle was incarcerated at the time the parties entered into this judgment.
On November 10, 2016, Darielle filed a Motion to Modify Child Custody, in which he indicated that he was no longer incarcerated and that joint custody would be in the best interest of the children. On December 12, 2016, the trial court approved a "Court Form Stipulation," providing that Elizabeth would maintain sole custody of the children, pending further orders of the court. It further provided that Darielle would have supervised visitation with the children, with his mother present at all times.[1]
Thereafter, on February 6, 2017, Elizabeth filed an Answer and Reconventional Demand, seeking to maintain sole legal custody of the children. In her pleading, she asserted that she has been the primary caretaker of the children due to Darielle's "drug abuse and violent lifestyle." Elizabeth asserted that Darielle has an extensive criminal history, as well as a history of domestic violence against her. She also requested that Darielle be ordered to resume payment of his child support obligation, which was suspended during his incarceration, and that he be ordered to make payments toward his child support arrears, which exceeded $21,000.
On July 13, 2017, the trial court held a hearing on Darielle's Motion to Modify Custody and Elizabeth's Reconventional Demand, as well as other motions not at issue on appeal. At the hearing, Darielle testified that he was released from jail in December of 2015, and that he is currently employed. Darielle testified that he has a good relationship with his daughters, who were ages eight and five at the time of the hearing, that he has never abused them, and that he was seeking joint custody. He admitted that he has smoked marijuana in the past, but he indicated that he took a drug test a few days before this hearing and it was "clean."
On cross-examination, Darielle acknowledged that he has failed to pay child support since he was released from jail, claiming "I don't know where [Elizabeth] stays at." He also admitted that he did not pay child support prior to his incarceration because he was not talking to Elizabeth, and that he has not paid child support in at least five years. Darielle acknowledged that his visitation with the children pending this hearing was ordered to be supervised, and he denied that he ever exercised his visitation without his mother being *958 present.[2] Darielle testified that he has never hit Elizabeth or threatened her with harm. He admitted that he was incarcerated in 2015 because he had shot someone.
Elizabeth testified that she has experienced domestic abuse at the hands of Darielle on more than one or two occasions. She recalled an incident in 2009 when she was pregnant during which Darielle pushed her out of the door and slammed the door on her stomach, causing her to be hospitalized for complications with her pregnancy. Elizabeth also testified regarding an incident in 2009, during which she was driving with Darielle and baby O.T.R. as passengers. She stated that they got into an argument and Darielle put his hands around her neck and slammed her head against the window. Then, as she drove over some railroad tracks, Darielle put her car in neutral, causing the car to stop on the tracks. She stated that after "struggling a little bit," she was able to put the car in drive and leave the railroad tracks.
Elizabeth also testified regarding an incident in December of 2010, when Darielle hit her three or four times in the face while she was holding O.T.R., causing her face to hit O.T.R.'s cheek. She also testified about an incident in May 2012 when Darielle broke into her parent's house through a kitchen window, and she had to leave the house and go down the street to her uncle's house to call the police.[3] Additionally, Elizabeth testified about an incident when O.T.R. was one or two years old, where Darielle put his hands around her neck and threatened to hit her.[4]
Elizabeth also testified that on many occasions, Darielle has threatened to kill her, and she has filed for protective orders several times. She testified about threatening text messages she received from Darielle, and the printouts from several text messages were admitted into evidence.
Elizabeth testified that S.G.R. has told her that Darielle said he shot someone because they were "messing" with him. She believes the girls are scared of Darielle, and she has obtained mental health treatment for O.T.R. for anxiety and other emotional issues that have arisen since he was released from jail and "got back into their lives." According to Elizabeth, O.T.R. has also expressed that she is afraid she may go to jail if she makes a bad choice. Elizabeth requested that the trial court deny Darielle's Motion to Modify Custody "due to the instability and the violence and the drugs" she believes he would bring into the children's lives.
At the conclusion of the hearing, the trial court found that Darielle has a history of perpetuating family violence on Elizabeth, triggering the application of the Post-Separation Family Violence Relief *959 Act, La. R.S. 9:361 et seq. ("PSFVRA"). In accordance with the provisions of the Act, the trial court awarded sole custody to Elizabeth, with Darielle to have supervised visitation every Saturday from 2:00 p.m. to 6:00 p.m., as well as specified holidays. The trial court ordered that the supervisor for visitation shall be a police officer or other competent professional, and not a relative, friend, therapist, or associate of Darielle. Finally, the trial court ordered that unsupervised visitation shall only be allowed if it is shown by a preponderance of the evidence that Darielle has successfully completed a court-approved domestic abuse intervention program of at least 26 weeks which follows the Duluth model, that Darielle is not abusing alcohol or psychoactive drugs and poses no danger to the children, and that unsupervised visitation is in the children's best interest.
On July 21, 2017, Darielle filed a Motion for New Trial, asserting that the trial court erred by applying the provisions of the PSFVRA in this matter, when Elizabeth did not specifically plead a cause of action under the PSFVRA in her Reconventional Demand. The trial court denied the Motion for New Trial without a hearing. Darielle now appeals.
LAW AND DISCUSSION
On appeal, Darielle sets forth two assignments of error. In his first assignment of error, he asserts that the trial court erroneously awarded sole custody of the minor children to Elizabeth pursuant to La. R.S. 9:362 and La. R.S. 9:364 of the PSFVRA, when Elizabeth did not specifically plead for relief under this Act in her Answer and Reconventional Demand. In support of his argument, he cites caselaw, including Glover v. Med. Center of Baton Rouge , 97-1710 (La. App. 1 Cir. 6/29/98), 713 So.2d 1261, providing that a trial court may not decide controversies that the litigants have not raised or grant relief the parties have not demanded. He also complains that he objected during the hearing when Elizabeth sought to introduce evidence of domestic violence, but the trial court overruled his objection, stating the evidence could be admitted to assess the fitness of each party. Finally, Darielle asserts he was denied due process by Elizabeth's failure to plead for relief under the PSFVRA, and he was "blindsided" by Elizabeth's request for relief under this Act during her closing argument.
Elizabeth responds that the provisions of the PSFVRA apply in the event that the trial court finds a history of family violence, regardless of whether the litigant requests relief under this specific Act. She further asserts that Darielle was put on notice that his history of family violence would be presented at the hearing. Additionally, Elizabeth argues that Darielle did not meet his burden of proving that joint custody would be in the best interest of the children.
Darielle seeks modification of the parties' consent judgment awarding sole custody to Elizabeth. When a party seeks to modify a consent judgment, rather than a considered decree, the party seeking modification of the judgment must prove: 1) there has been a material change in circumstances since the custody decree was entered; and 2) the proposed modification is in the best interest of the children. Evans v. Lungrin , 97-541 (La. 2/6/98), 708 So.2d 731, 738 ; Theriot v. Theriot , 15-311 (La. 10/14/15), 177 So.3d 759, 762. Darielle's release from prison was a material change in circumstances occurring after the consent judgment was rendered. Thus, at trial, it was Darielle's burden to prove that a change to joint custody was in the best interest of O.T.R. and S.G.R.
The PSFVRA is found in La. R.S. 9:361 et seq. This Act was created to protect *960 victimized parties when domestic disputes arise in the course of separation and divorce. State ex rel. S.D.K. , 04-218 (La. App. 5 Cir. 5/26/04), 875 So.2d 887, 890-91.
La. R.S. 9:364(A) creates a presumption against awarding sole or joint custody to a parent with a history of perpetuating family violence. It further provides that "[t]he court may find a history of perpetuating family violence if the court finds that one incident of family violence has resulted in serious bodily injury or the court finds more than one incident of family violence." Family violence "includes but is not limited to physical or sexual abuse and any offense against the person as defined in the Criminal Code of Louisiana, except negligent injuring or defamation, committed by one parent against the other parent or against any of the children." La. R.S. 9:362(4).
La. R.S. 9:364(C) was specifically designed to protect the children's interests by restricting the visitation rights of the abusive parent in families with a history of domestic violence. Michelli v. Michelli , 93-2128 (La. App. 1 Cir. 5/5/95), 655 So.2d 1342, 1346. La. R.S. 9:364(C) provides:
If the court finds that a parent has a history of perpetrating family violence, the court shall allow only supervised child visitation with that parent, conditioned upon that parent's participation in and completion of a court-monitored domestic abuse intervention program. Unsupervised visitation shall be allowed only if it is shown by a preponderance of the evidence that the violent parent has completed a treatment program, is not abusing alcohol and psychoactive drugs, and poses no danger to the child, and that such visitation is in the child's best interest.
This Court has found that the provisions of the PSFVRA become operative if the court finds that there has been family violence and that there is a history of family violence. Ledet v. Ledet , 03-537 (La. App. 5 Cir. 10/8/03), 865 So.2d 762, 765 ; Dufresne v. Dufresne , 08-215 c/w 08-216 (La. App. 5 Cir. 9/16/08), 992 So.2d 579, 585-586, writ denied , 08-2843 (La. 12/17/08), 996 So.2d 1123 ; Nguyen v. Le , 07-81 (La. App. 5 Cir. 5/15/07), 960 So.2d 261, 263.[5] Neither the provisions of the PSFVRA nor the caselaw requires that relief under this Act be specifically pleaded, where the allegations of abuse have been raised in the pleading or tried by the express or implied consent of the parties. See Dufresne , supra ; and Nettles v. Nettles , 13-1164 (La. App. 1 Cir. 12/27/13), 2013 WL 6858325, *1-2, 2013 La. App. Unpub. LEXIS 812, pp. *4-6.
In the present case, we find no merit to Darielle's argument that he was denied due process by Elizabeth's failure to specifically plead for relief under the PSFVRA. The record before us clearly shows that allegations of domestic violence were at issue throughout the proceedings in this case. In Elizabeth's Answer and Reconventional Demand, while she did not specifically ask for relief under the PSFVRA, she did specifically allege domestic violence as a ground for maintaining sole custody in her favor. Further, the record shows Elizabeth filed Petitions for Protection of Abuse, sought restraining orders against Darielle, and alleged various acts of violence by Darielle since this litigation commenced. Accordingly, we fail to *961 see how Darielle could have been "blindsided" by Elizabeth's request for relief under the PSFVRA.
Considering that Elizabeth specifically raised the issue of domestic violence in her Answer and Reconventional Demand as a ground for sole custody, and considering the testimony and evidence presented at trial, we find that the trial court did not err by applying the provisions of the PSFVRA in this matter. Darielle was clearly put on notice that domestic abuse was an issue in this proceeding, and the trial court specifically found a history of family violence. A trial court's determination of domestic abuse is entitled to great weight and will not be disturbed on appeal absent a clear abuse of discretion. Dufresne , 992 So.2d at 586. In this matter, the trial court's determination was supported by the testimony and evidence.[6] Further, we note that even if the PSFVRA was not applicable, Darielle failed to meet his burden of proving that a change to joint custody was in the children's best interest. Accordingly, this assignment of error is without merit.
In his second assignment of error, Darielle contends that the trial court erred by refusing to hold a hearing on his Motion for New Trial, even though it was timely filed. He contends that the trial court's failure to hold a hearing on his motion denied him the reasonable opportunity to place before the trial court all of the facts bearing on the issues involved.
Although La. C.C.P. art. 1976 refers to a hearing on a motion for new trial, a well-settled jurisprudential exception has developed under which a trial court may summarily deny a motion for new trial, "in the absence of a clear showing in the motion of facts or law reasonably calculated to change the outcome or reasonably believed to have denied the applicant a fair trial. Autin v. Voronkova , 15-407 (La. App. 4 Cir. 10/21/15), 177 So.3d 1067, 1070 ; Lopez v. Wal-Mart Stores , 94-2059 (La. App. 4 Cir. 8/13/97), 700 So.2d 215, 220, writ denied , 97-2522 (La. 12/19/97), 706 So.2d 457 ; Zeno v. Nixon, 13-1267 (La. App. 3 Cir. 3/12/14), 133 So.3d 1285, 1291, n.4 ; Sonnier v. Liberty Mutual Ins. Co. , 258 La. 813, 248 So.2d 299, 302 (1971).
After review of the Motion for New Trial filed in the instant case, we find that the trial court did not err by refusing to hold a contradictory hearing on the motion. The Motion for New Trial did not clearly show "facts or law reasonably calculated to change the outcome or reasonably believed to have denied the applicant a fair trial." Accordingly, this assignment of error is without merit.
In her appellee brief, Elizabeth sets forth two assignments of error, asserting that: 1) the trial court erred by ordering the parties to bear their own costs of the proceedings; and 2) the trial court erred by refusing to allow the introduction of evidence of Darielle's extensive criminal charges. However, Elizabeth did not appeal the trial court's judgment or file an answer to the appeal requesting this relief. The failure either to cross-appeal or to answer the appeal precludes this Court from considering Elizabeth's assignments of error. See La. C.C.P. art. 2133 ; Petrie v. Michetti , 10-122 (La. App. 5 Cir. 1/11/11), 59 So.3d 430, 441 ; Vicknair v. St. James School Bd. , 06-381 (La. App. 5 Cir. 10/31/06), 945 So.2d 116, 119 ; Franks v. Royal Oldsmobile Co. , 605 So.2d 633, 635 (La. App. 5 Cir. 1992).
*962 DECREE
For the foregoing reasons, we affirm the trial court's judgment granting sole custody to plaintiff and the order denying defendant's Motion for New Trial.
AFFIRMED
MOLAISON, J., CONCURS WITH REASONS
MOLAISON, J., CONCURS WITH REASONS
I respectfully write separately from the majority to address the issue of how the trial court neglected to assess costs and attorney fees for the proceedings below.
Ms. Melancon failed to directly appeal the trial court's ruling pertaining to attorney fees and costs and, technically, did not answer the instant appeal.[1] However, La. C.C.P. art. 2164 provides:
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.
The plain language of La. R.S. 9:375, pertaining to child support, and La. R.S. 9:367, regarding family violence cases,[2] require Mr. Russell to pay for the costs and attorney fees of the proceedings below. Despite the clear wording of the statutes, neither was assessed as a part of the trial court's judgment. Accordingly, I would use this Court's authority under La. C.C.P. art. 2164 to produce the result required by law and impose costs of the lower court *963 proceeding and attorney fees against Mr. Russell.[3] In all other respects, I agree with the majority opinion.

The record contains an Order dated December 12, 2016, providing that Darielle's attorney was to prepare and submit a written judgment within 30 days. However, no judgment to this effect is contained in the record. Nevertheless, both parties, their attorneys, and the trial judge signed the "Court Form Stipulation."

Darielle's mother, Carisa Russell, also testified at the hearing. She stated she was aware that she was named as the supervisor of Darielle's visitation with his daughters. Ms. Russell testified that she has been present at all of Darielle's visitations. Darielle's fiancé, Jasmine Leagea, testified that she has been present for some of the visitations, and Ms. Russell was always there to supervise. However, Steven Parnell, a private investigator, testified that he performed surveillance on Darielle on three occasions. He stated he observed Darielle meet with Ms. Russell to bring the girls to her before she would return them to Elizabeth at the end of a visitation. Also, Elizabeth testified that the girls told her that Ms. Russell was not always present during visitations.

Elizabeth's uncle, Gary Lousteau, also testified about the incident in May of 2012 when Elizabeth showed up at his house crying and saying that Darielle had broken in.

Elizabeth's mother, Patricia Melancon, testified that she has not personally observed Darielle hit Elizabeth, but she has been "called to the scene" several times after abuse had taken place to get Elizabeth and the girls.

In Nguyen , this Court found that allegations of abuse under the PSFVRA cannot be raised for the first time on appeal, as it requires the trial court to make a specific determination of whether there has been "a history of family violence." In the instant matter, allegations of abuse were raised in the trial court and the trial court made a specific determination that there is a history of family violence.

We also note, as we did in Dufresne , supra , that even if the PSFVRA were not applicable, the trial court may impose supervised visitation when warranted for the child's safety or if in the child's best interest.

La. C.C.P. art. 2133 provides, in relevant part:
A. An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. Additionally, however, an appellee may by answer to the appeal, demand modification, revision, or reversal of the judgment insofar as it did not allow or consider relief prayed for by an incidental action filed in the trial court.
In the instant appeal, the record was lodged on January 24, 2018, and Ms. Melancon filed her appellate brief on April 17, 2018. In her brief, Ms. Melancon raised the issue of the trial court's failure to assess costs and attorney's fees against Mr. Russell; however a strict application of La. C.C.P. art. 2133 prevents us from considering Ms. Melancon's assignment.

As succinctly explained in the "Legislative findings" section of the Post-Separation Family Violence Relief Act:
...
The legislature further finds that the problems of family violence do not necessarily cease when the victimized family is legally separated or divorced. In fact, the violence often escalates, and child custody and visitation become the new forum for the continuation of the abuse. Because current laws relative to child custody and visitation are based on an assumption that even divorcing parents are in relatively equal positions of power, and that such parents act in the children's best interest, these laws often work against the protection of the children and the abused spouse in families with a history of family violence. Consequently, laws designed to act in the children's best interest may actually effect a contrary result due to the unique dynamics of family violence.
1992 La. ALS 1091, 1992 La. ACT 1091, 1992 La. HB 1056, 1992 La. ALS 1091, 1992 La. ACT 1091, 1992 La. HB 1056.

See, Rachal v. Rachal , 35,074 (La. App. 2 Cir. 10/12/01), 795 So.2d 1286, in which the Second Circuit relied on La. C.C.P. art. 2164 to award attorney fees on appeal to a mother who had sought past due child support. The court reasoned:
We are cognizant that an "appellate court shall render judgment which is just, legal, and proper upon the record on appeal." La. C.C.P. art. 2164. The purpose of this article is to give an appellate court complete freedom to do justice on the record irrespective of whether a particular legal point or theory was made, argued, or passed upon by the court below. Wheeler v. Kelley , 28,379 (La. App. 2 Cir. 11/7/95), 663 So.2d 559, 561, writs denied , 95-2721 (La. 11/9/95), 664 So.2d 404, 405. We have the whole record before us and find thereon that $ 750.00 is a reasonable attorney fee for the services rendered ...